ON THE MOTION TO DISMISS SUSPENSIVE APPEAL
PER CURIAM.
Harold E. Dwyer, Jr., plaintiff-appellee has filed a motion to dismiss the suspensive appeal of Warren K. Statler and Farm Bureau Mutual Insurance Company on the basis that they have not complied with Article 21.24 of the Louisiana Code of Civil Procedure; specifically, the appellee complains that the judgment appealed is a money judgment of Sixty Thousand Dollars plus interest and costs, calling for a suspensive appeal bond of one and one-half times the judgment amount, including interest, and that the appellants have filed only a $5,000 appeal bond. Appellee contends that we have no jurisdiction to entertain a suspen-sive appeal as a result.
On the showing made to us, the judgment is indeed a money judgment as described by appellee. Accordingly the rule for furnishing security is set out in Article 2124(1) requiring security in the amount of $114,-280.63. The trial judge did not fix security under sub-section (1), but apparently concluded that the appeal is governed by the provisions of sub-section (2), when the judgment distributes a fund in custodia legis. That result came about because the defendants had tendered into the registry of court the sum of $76,187.09, purporting to be an *578 amount sufficient to satisfy the money judgment with interest from date of judicial demand to several days past the tender, together with costs and expert fees claimed. The appellee apparently refused the tender and the money is still deposited in the registry of the court. Thereafter the defendants appealed suspensively, furnishing the trial judge with an order to set bond for costs only because the money to satisfy the judgment was in custodia legis. The judge fixed security in the amount of $5,000, and appellants furnished a bond for that amount.
C.C.P. Article 2124 is definite in the rules for furnishing security for suspen-sive appeal, providing for three instances: 1.) when the judgment is for a sum of money; 2.) when the judgment distributes the fund in custodia legis; and 3.) in all other cases. The appellant is not able to change the nature of the judgment by depositing sufficient funds to satisfy the money judgment. At the same time, it must be recognized that the Article does not require a bond in all cases, but simply “security” which may be something other than a bond. In this case the appellant has apparently furnished a check on Farm Bureau Mutual Insurance Company payable to the Clerk of Court in the sum of $76,187.09 plus a corporate surety bond in the sum of $5,000, which is short of the amount mandated by Article 2124(1), and that all of it is not under the requisite obligation condition.
We feel compelled to make mention of these facts, not because we wish to usurp the function of the trial court under C.C.P. Article 2088(5), but because they are necessary to a determination as to whether this is a matter of jurisdiction of this court or simply an objection to the form, substance and sufficiency of the bond under Article 2088. From the facts presented, we conclude that this is not a jurisdictional matter of this court, but should be handled by the trial court under Article 2088(5). We note that the appellant did 'furnish the bond required by the trial judge’s order, and that the effect of the tender plus the cost bond is to provide security which, although insufficient, would substantially form a basis for satisfaction of the judgment. Appeals are favored in the law and we perceive no reason why the insufficiency cannot be corrected by the trial court pending this appeal.
The appellee’s motion to dismiss the sus-pensive appeal is refused and appellee is referred to the trial court for further proceedings in connection with the security to be furnished. Costs of these proceedings to be assessed at the conclusion of the matter.

MOTION REFUSED.